UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

ESTATE OF DENNY BERNALDES,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; 3
UNNAMED INSPECTORS OF THE MINE
SAFETY AND HEALTH ADMINISTRATION,
Defendants-Appellees.

No. 95-1905

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-94-41-H)

Argued: February 1, 1996

Decided: February 28, 1996

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: Wilfrid Kip Wood, COLEMAN & WOOD, P.C., Fairfax,
Virginia, for Appellant. Robin Doyle Smith, Trial Attorney, Torts
Branch, Civil Division, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Appellees. ON BRIEF: Sean J. Cole-
man, COLEMAN & WOOD, P.C., Fairfax, Virginia, for Appellant.
Frank W. Hunger, Assistant Attorney General, Robert P. Crouch, Jr.,

United States Attorney, Phyllis J. Pyles, Assistant Director, Torts Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

OPINION

PER CURIAM:

The Estate of Denny Bernaldes, a kiln burner operator who died in a fall at the mine where he worked, brings this wrongful death action against the United States pursuant to the Federal Tort Claims Act. The Estate asserts that certain Mine Safety and Health Administration (MSHA) inspectors negligently failed to discover safety violations in the mine. The district court dismissed the action for lack of subject matter jurisdiction, reasoning that the inspectors' compliance determinations involved the exercise of discretion in carrying out policy driven duties and thus fell within the discretionary function exception to the Federal Tort Claims Act. We affirm.

On the evening of December 13, 1992, Denny Bernaldes died in an accident at the Clearbrook Mine & Mill, an aggregate and lime producing business operated by W. S. Frey, Inc. MSHA determined that Bernaldes fell from the top of a coal chute in a coal storage shed down into a tunnel, where he was buried by falling coal. The Estate claims that when MSHA conducted an inspection of the Clearbrook Mine four months prior to the accident, the inspectors failed to "issue Frey any citations for safety violations related to Mr. Bernaldes' fatal accident, even though these violations were in existence at that time." Specifically, the Estate claims the MSHA inspectors failed to cite Frey for the lack of a grate, railing, or safety harness in the coal shed; inadequate lighting; and inadequate communication equipment among personnel working at the mine. After Bernaldes's death, MSHA did cite Frey for an unguarded opening at the top of the coal chute, failure

2

to provide a safety belt and harness, and lack of adequate communications between the kiln burner operator and those outside the coal shed unit.

In United States v. Gaubert, 499 U.S. 315, 322-23 (1991), the Supreme Court set forth a two-prong test to be used to determine whether the discretionary function exception bars a suit against the United States under the Federal Tort Claims Act. First, a court must determine if a government employee's action is discretionary or mandatory. Id. at 323. Second, if the conduct is discretionary, it must determine if the employee's discretion is based on considerations of public policy. Id.

In this case, the district court concluded that although the MSHA regulations contain some mandatory language, mining inspectors have discretion under the regulations to determine if a given mine is in compliance with the regulations. For example, inspectors have discretion to determine whether there is, in fact, a "danger of falling" significant enough to require the use of safety belts and lines as mandated by 30 C.F.R. S 56.15005. Thus, the court held that the MSHA regulations were not sufficiently specific to be considered "mandatory." Cf. Gaubert, 499 U.S. at 325.

The district court then held that the inspectors' decisions were grounded in public policy. Recognizing that if a government employee has discretion under the first Gaubert prong, it "must be presumed" that his acts "are grounded in policy when exercising that discretion," Gaubert, 499 U.S. at 324, the court reasoned that the inspectors' decisions as to when danger is great enough to require the implementation of safety measures are grounded in the policy of MSHA--protecting the miners' health and safety within the mine operators' financial constraints. Accordingly, the district court concluded that the Sixth Circuit erred in Myers v. United States, 17 F.3d 890, 898 (6th Cir. 1994), when it held that questions of safety involved objective non-policy based factors.

On appeal, the Estate continues to assert that the discretionary function exception is inapplicable here. For the reasons stated in the excellent opinion of the district court, see Estate of Denny Bernaldes v. United States, 877 F. Supp. 301 (W.D. Va. 1995), we reject the

3

Estate's arguments and affirm the district court's decision dismissing this case for lack of subject matter jurisdiction.

AFFIRMED